IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ANDREW M. SVENTEK, | ) | |
| | ) | |
| Petitioner | ) | Case No. 1:21-cv-6 |
| | ) | |
| vs. | ) | |
| | ) | RICHARD A. LANZILLO |
| D.F. OBERLANDER, | ) | UNITED STATES MAGISTRATE JUDGE |
| PENNSYLVANIA ATTORNEY | ) | |
| GENERAL OFFICE, | ) | |
| DISTRICT ATTORNEY OF | ) | MEMORANDUM OPINION |
| FOREST COUNTY, | ) | ON AMENDED PETITION FOR WRIT OF |
| DISTRICT ATTORNEY OF | ) | HABEAS CORPUS [ECF No. 18] |
| ERIE COUNTY, | ) | |
| | ) | |
| Respondents | ) | |

MEMORANDUM OPINION

Before the Court is an amended petition for a writ of habeas corpus filed by Andrew M. Sventek

pursuant to 28 U.S.C. § 2254.  ECF No. 18.  For the reasons that follow, the petition will be denied.[1]

I.      Background

Sventek is an inmate at the State Correctional Institution at Forest, where he is serving an aggregate

sentence of five to ten years' imprisonment imposed by the Court of Common Pleas of Erie County

following his guilty plea to one count each of persons not to possess, use, manufacture, control, sell or

transfer firearms and terroristic threats.[2]  *Commonwealth v. Sventek*, Case No. CP-25-CR-0000185-2018

(Erie Cty. Com. Pl.).  He did not file a post-sentence motion or a direct appeal following the judgment of

sentence on September 28, 2018.

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge.

[2] 18 Pa.C.S. § 6105(a)(1), and 18 Pa.C.S. § 2706(a)(1), respectively.  Sventek also entered a guilty plea to one count of access device fraud, 18 Pa.C.S.A. § 4106(a)(1)(ii), in another case at the same time.

On June 7, 2019, Sventek filed a *pro se* petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541 et seq.  Counsel was appointed and filed a supplement to the PCRA petition.  The PCRA petition was dismissed.  Sventek appealed.  The Pennsylvania Superior Court affirmed the dismissal on July 24, 2020.  *Commonwealth v. Sventek*, 239 A.2d 100 (Pa. Super. 2020) (unpublished memorandum); ECF No. 1-4 at 11-24.  Sventek filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on December 1, 2020.  *Commonwealth v. Sventek*, 242 A.3d 632 (Pa. 2020).

Sventek filed the instant petition for a writ of habeas corpus on January 5, 2021.  ECF No. 1.  He filed a supplement on January 7, 2021.  ECF No. 3.  Respondents filed a response to the petition on April 23, 2021.  ECF No. 11.  Sventek subsequently filed an amended petition and a brief in support thereof on June 1, 2021.  ECF Nos. 18-19.  Respondents filed a response on June 24, 2022.  ECF No. 24. Sventek filed a traverse on July 15, 2022.  ECF No. 25.

The petition is ripe for disposition.

II.     Analysis

In the instant petition, Sventek presents one ground for relief: ineffective assistance of plea counsel for advising Sventek to plead guilty. ECF No. 18 at 2-4.  Sventek asserts his counsel advised him to plead guilty even though there was no factual basis for the plea because the gun in question was a BB gun/air pistol which does not qualify as a firearm under the relevant criminal statute.  He further asserts that counsel did not inform him that he would likely have been acquitted of aggravated assault, a charge which was dropped pursuant to the plea.  Thus, he concludes, had he been properly advised on these points, he would have elected to proceed to trial and would likely have been acquitted of the felonies with which he was charged.

In the litigation of his PCRA petition, Sventek raised the claim that his plea was induced by his counsel's ineffectiveness. ECF No. 11-4 at 7-14 (Sventek's appellate brief). The Superior Court of Pennsylvania addressed the claim as follows:

> In his first issue, Appellant contends his guilty pleas were unknowing and involuntary because trial counsel had provided him with erroneous legal advice that induced him to plead guilty, despite the fact that he is "absolutely innocent of all criminal charges in these cases." Brief for Appellant at 5, 8-9. Appellant maintains his desire to take his case to trial was "impacted and undermined" by counsel's "consistent conduct" in failing to reply to Appellant's letters and provide him with discovery and in his expressing disgust with Appellant's wish to proceed to trial. *Id.* Appellant further contends counsel pressured him to plead guilty:
>
>> by telling him the Commonwealth would disclose[] his entire criminal record to the jury at trial and that he would be subject to the maximum sentence possible if convicted. Counsel further represented that [Appellant] would be out of jail sooner if he the plea agreement than if he went to trial and won. After being confronted with all of these representations from counsel, [Appellant] relented and agreed to enter the guilty pleas and accept the terms of the plea agreement.
>
> *Id.*
>
> Appellant also posits that counsel exceeded the bounds of credible advocacy and acted in contravention of his interests in "deceiving him" to accept the guilty pleas for crimes he did not commit. *Id.* at 7. Although he recognizes the written and oral plea colloquies evince the contrary, Appellant concludes that his sentence of five to ten years' incarceration on the firearms charge, "was a wholesale departure from what counsel had represented to [Appellant] in an effort to intimidate and induce him into maintaining his guilty pleas." *Id.* at 7-11.
>
> Preliminarily, we note that a petitioner may obtain relief on his allegation that he had been unlawfully induced to plead guilty where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent. 42 Pa.C.S.A. § 9543(a)(2)(iii). As the PCRA court relevantly indicated herein, there is no merit to Appellant's claim. Specifically, the PCRA court indicated:
>
>> After a defendant has entered a guilty plea, the only cognizable issues under the PCRA are the validity of the plea proceedings and the legality of sentence. *Commonwealth v. Rounsley*, 717 A.2d 537 (Pa.Super. 1998). Allegations of ineffective assistance of counsel in connection with entry of the guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea. *Commonwealth v. Williams*, 437 A.2d 1144, 1146 (Pa. 1981). Counsel is presumed effective. *Commonwealth v. Carter*, 540 Pa. 135, 656 A.2d 463, 465(1995). Erroneous advice of counsel must prejudice the defendant to the extent that it enticed the defendant to plead guilty when they would have otherwise

not have done so. ***Commonwealth v. Rathfon***, 899 A. 2d 365, 370 (Pa.Super. 2006). The law presumes a defendant who entered a guilty plea was aware of what he was doing, and thereafter, he bears the burden of proving otherwise. ***Commonwealth v. Stork***, 737 A.2d 789, 790 (Pa.Super. 1999). Petitioner's claims are belied by the record.

## Voluntariness of Guilty Pleas

At the plea hearing, [Appellant] and his counsel signed a Statement of Understanding of Rights under oath which was reviewed with him in full at the hearing. The Statement of Understanding of Rights set forth:

**Paragraph 4**: I understand that the maximum sentence for the crime(s) to which I am pleading guilty/no contest is at Docket No. 185 of 2018 - Count 2: $25,000/10 years, Count 3: $10,000/5 years; At Docket No. 186 of 2018 - Count2: $5,000/2 years.

**Total**: $40,000/17 years

**Paragraph 5**: ... In exchange, the Commonwealth will *nolle pros* all remaining counts at both dockets, with costs on the defendant. The Commonwealth has no objection to the sentence at Docket No. 186 of 2018 running concurrent to the sentence at Docket No. 185 of 2018.

**Paragraph 6**: I understand that the Judge is not bound by the terms of any plea bargain unless the judge chooses to accept it. The Judge will announce his/her decision at the conclusion of the plea colloquy which follows my signing this paper. If the Commonwealth agrees to make a sentencing recommendation on my behalf, the Judge will not be bound by this recommendation and I understand that I will not be permitted to withdraw my guilty/no contest plea if this should occur.

*See Statement of Understanding of Rights*. [Appellant] and his counsel signed the statement, indicating their understanding of the maximum sentences Petitioner faced; the Judge was not bound by any plea agreement between [Appellant] and the Commonwealth; and if the Judge chose not to accept the terms of any plea bargain, this would not be a basis for withdrawal of [Appellant's] guilty plea. *See Statement of Understanding of Rights*.

Moreover, the plea colloquy demonstrates the plea was knowing, voluntary and intelligent. In open court and under oath, [Appellant] acknowledged the weapon at Counts Two and Three of No. 185 of 2018 was a semiautomatic handgun, not a BB gun, and was loaded. *Tr. Plea, pp. 9-11*. After the legal and factual basis of the charges and maximum penalties he faced were read out loud to him, [Appellant] unequivocally pled guilty to Counts Two and Three of No. 185 of 2018 and Count Two of No. 186 of 2018. *Tr. Plea* pp. 9-13. [Appellant] further indicated he

understood the Judge was not bound by the terms of any plea bargain and/or Commonwealth sentencing recommendation. *Tr. Plea*, pp. 5, 8.

Also, at the plea hearing [Appellant] and his counsel signed the reverse side of the Criminal Information, further confirming Petitioner understood the grading of the offenses and the nature and extent of the plea agreement. *See Criminal Informations; Tr. Plea, pp. 11-12.*

Thus, the record amply demonstrates Petitioner was aware of, and acknowledged, the charges to which he was pleading guilty and the potential maximum sentences he faced. "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Commonwealth v. Yeomans***, 24 A.3d 1044, 1047 (Pa. Super. 2011). No patent defect exists with regard to the plea colloquy. [Appellant] fails to point to performance of counsel which questions the reliability of the manner in which guilt was determined. No showing of prejudice on the order of manifest injustice can be established. Based upon the totality of circumstances, [Appellant's] claim he entered into a defective plea due to ineffectiveness of counsel is wholly without merit.

Notice of Intent to Dismiss PCRA Pursuant to Pa.R.Crim. P. 907(1), filed 11/21/19, at 3-5.

Additionally, at the guilty plea hearing, as well as in the written guilty plea statement, Appellant specifically was informed of the rights he was giving up by entering the pleas and indicated that he understood all of those rights. N.T., 8/7/18, at 4-8; Guilty Plea Statement, dated 8/7/18. Appellant stated he understood that he would face "maximum penalties at Docket 185, Count 2, is a $25,000 and 10 years; and Count 3 is $10,000 and 5 years; and at Docket 186, Count 2, has a maximum penalty of $5,000 and 2 years, This totals $40,000 and 17 years." N.T., 8/7/18, at 9. He also was informed of the legal and factual basis of these charges and specifically pled "guilty" thereto. *Id.* at 10-12. In the presence of the trial court, Appellant affixed his signature to the Guilty Plea Statement at each docket. *Id.* at 11-12. The trial court granted the Commonwealth's request to *nolle pros* the remaining counts. *Id.* at 11-12. Thereafter, the only request Appellant made through his counsel was "whether the [c]ourt would consider sentencing him [at that time]." *Id.* at 12. Indicating that it would need a PSI in light of the serious nature of the crimes, the trial court declined to sentence Appellant immediately. *Id.* at 12. Accordingly, we agree with the PCRA court that Appellant is not entitled to relief on his inducement by counsel claim.

However, this does not end our inquiry as Appellant additionally alleges that trial counsel was ineffective in failing to seek to withdraw Appellant's guilty plea prior to sentencing. Appellant avers he sought to have trial counsel withdraw his guilty pleas, despite the favorable outcome he had received and admission he failed to make his intentions known to the trial court at the sentencing hearing, because he "came to the realization that he wanted to withdraw his guilty pleas prior to sentencing as he discovered he had been played by defense counsel." Appellant's Brief at 11-12.

We note that pre-sentence withdrawal of a guilty plea is governed by Pennsylvania Rule of Criminal Procedure 591(A), which provides:

> (A) At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or nolo contendere and the substitution of a plea of not guilty.

Pa.R.Crim.P. 591(A). The official comment to Rule 591 provides: "After the attorney for the Commonwealth has had an opportunity to respond, a request to withdraw a plea made before sentencing should be liberally allowed." *Id.* cmt. However, a defendant does not have an absolute right to such relief. In *Commonwealth v. Carrasquillo*, 115 A.3d 1284 (Pa. 2015), our Supreme Court clarified that "a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant" a pre-sentence motion to withdraw. *Id.* at 1285. Rather, the Court concluded that:

> a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.

*Id.* at 1292. Thus, the *Carrasquillo* Court established that trial courts possess discretion to assess the plausibility of a defendant's claim of innocence. In doing so, "both the timing and the nature of the innocence claim, along with the relationship of that claim to the strength of the government's evidence, are relevant." *Commonwealth v. Norton*, 201 A.3d 112, 121 (Pa. 2019) (citation omitted). At the same time, a defendant may not directly contradict statements he has made under oath at the time of the guilty plea, such as that he is entering into the plea voluntarily. *See, e.g., Commonwealth v. Pier*, 182 A.3d 476, 480 (Pa.Super. 2018).

Furthermore, to establish counsel was ineffective, a PCRA petitioner must prove that (1) the issue underlying counsel's act or omission is of arguable merit; (2) counsel had no reasonable strategic basis for the act or omission; and (3) the petitioner suffered prejudice. *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa.Super. 2015) (*en banc*). To establish prejudice in this case, Appellant must prove he would have proceeded to trial but for counsel's error. *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa.Super. 2013). We must presume counsel rendered adequate assistance, and the petitioner bears the burden of proving otherwise. *Reyes-Rodriguez*, 111 A.3d at 780.

Here, prior to sentencing, Appellant was apprised of his post-sentencing and appellate rights. N.T. 9/28/18, at 4-7. When asked whether he had any questions concerning those rights, Appellant stated he did not. Importantly, he did not at this juncture express his now asserted innocence and desire to withdraw his prior guilty pleas. To the

contrary, when the trial court asked Appellant what he would like to tell the court, the following exchange occurred:

> Appellant: I'd like to say that I take full responsibility for everything that happened on both dockets. What was going on was my in-law's family wouldn't allow me to see my daughter, because I was–I was on drugs. And—
>
> THE COURT: That's not a bad reason.
>
> Appellant: Right. Exactly. And I–I overacted. I dumped my mother-in-law's house to see if my ex and my daughter were there. And they weren't. My brother-in-law was there.
> And I had a BB Gun, and I told him I needed to see my daughter, you know, or else shit was going to hit the fan. And they weren't there, umm, so I left and went back to my spot where I was staying.
> And I take—I Just—I—I'm a totally different person when I'm on drugs. I tend to act more violent--. . . .

N.T. 9/28/18, at 9-10.

> The conversation pertaining to Appellant's efforts to rehabilitate himself continued until Appellant indicated that the BB Gun was not loaded. The trial court asked for clarification regarding the charge to which Appellant had pled guilty, noting that this was a "very big deal." *Id.* at 11-12. Upon further examination of the police report, the trial court stated that the weapon was a ".177 Caliber air pistol, black and chrome. Obviously made to look like a regular handgun." Appellant agreed with this description. *Id.* at 13.

> In light of the foregoing, the record clearly demonstrates that both prior to entering his plea and prior to sentencing, Appellant admitted to committing the acts forming the factual basis for the plea and acknowledged that he knew and understood the factual basis for the plea, the nature of the evidence proffered by the Commonwealth, and the elements of the crimes charged, which were outlined by both the Commonwealth and the trial court. This record evidence, and Appellant's acknowledgement that the pleas resulted in a favorable outcome for him, belie his current claim that his counsel had been ineffective by duping him to plead guilty and for failing to file a motion to withdraw those pleas. Therefore, we discern no legal error in dismissing his PCRA petition.

ECF No. 1-4 at 16-24.

Because the state court reviewed this claim and rejected it on its merits, the following standard is applicable. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), if a state court rejects a claimed federal violation on the merits, to obtain habeas relief a petitioner must show that the ruling:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.§ 2254(d). *See also Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 234 (3d Cir. 2004); *Thomas v. Horn*, 570 F.3d 105 (3d Cir. 2009).

An unreasonable application of federal law focuses on whether the state court unreasonably applied relevant United States Supreme Court holdings. *White v. Woodall*, 572 U.S. 415, 419-20 (2014). A petitioner must show an error so egregious "that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011).

An unreasonable determination of the facts is one where the petitioner proves by clear and convincing evidence, *see* 28 U.S.C. § 2254(e)(1), that the conclusion drawn from the evidence by the state court is so improbable that it "blinks reality." *Miller-El v. Dretke*, 545 U.S. 231, 266 (2005). As long as reasonable minds might disagree about the correctness of a factual determination, a federal habeas court must defer to the state court's determination. *Rice v. Collins*, 546 U.S. 333, 341-42 (2006).

Sventek asserts that the state court unreasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984) to his claim of ineffectiveness. The relevant law is as follows:

Ineffective assistance of counsel claims are governed by the familiar standard set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To prevail on a claim of ineffective assistance under *Strickland*, the Petitioner has the burden of establishing that his trial "counsel's representation fell below an objective standard of reasonableness." 466 U.S. at 688. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. Importantly, the Supreme Court emphasized that "counsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment[.]'" *Burt v.*

*Titlow*, — U.S. — , 134 S.Ct. 10, 17, 187 L. Ed. 2d 348 (2013) (quoting *Strickland*, 466 U.S. at 690). *See also Harrington v. Richter*, 562 U.S. 86, 104, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011) ("A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance.") (quoting *Strickland*, 466 U.S. at 689).

The Supreme Court also instructed:

> "Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371, 130 S. Ct. 1473, 1485, 176 L. Ed. 2d 284 (2010). An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S. at 689-690, 104 S. Ct. 2052. Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge.

*Richter*, 562 U.S. at 105.

*Strickland* also requires that the Petitioner demonstrate that he was prejudiced by his trial counsel's alleged deficient performance. This places the burden on him to establish "that there is a reasonable probability that, but for counsel's unprofessional errors," the result of his trial "would have been different." *Strickland*, 466 U.S. at 694. As the United States Court of Appeals for the Third Circuit explained:

> [The Petitioner] "need not show that counsel's deficient performance 'more likely than not altered the outcome of the case' - rather, he must show only 'a probability sufficient to undermine confidence in the outcome.'" *Jacobs v. Horn*, 395 F.3d 92, 105 (3d Cir. 2005) (quoting *Strickland*, 466 U.S. at 693-94). On the other hand, it is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." [*Richter*], 131 S.Ct. at 787 (citing *Strickland*, 466 U.S. at 693). Counsel's errors must be "so serious as to deprive the defendant of a fair trial." *Id.* at 787-88 (citing *Strickland*, 466 U.S. at 687). The likelihood of a different result must be substantial, not just conceivable. *Id.*

*Brown v. Wenerowicz*, 663 F.3d 619, 630 (3d Cir. 2011).

*Howard v. Delbalso*, 2017 U.S. Dist. LEXIS 126581, at *5-7 (W.D. Pa. Aug. 10, 2017) (footnote omitted).

Sventek asserts that, in evaluating his ineffectiveness claim under *Strickland*, the Superior Court unreasonably relied on Sventek's admissions and acknowledgements to the court because those statements emanated from trial counsel's ineffectiveness. ECF No. 19 at 2-4. This Court can hardly find that the

state court's reliance on Sventek's own statements to the court during the entry of his plea and at

sentencing produced a ruling so lacking in justification that there was an error well-understood and

comprehended in existing law beyond any possibility for fairminded disagreement. On the contrary, the

state court's reliance on the statements evidences the record-based justification for its decision.

Sventek's now-proffered explanations for his statements fall well short of rendering them devoid

of meaning and irrelevant. The state court was bound to attach weight to these statements. As the Superior

Court has explained:

> A guilty plea is not a ceremony of innocence, it is an occasion when one offers a confession
> of guilt . . . . The defendant is before the court to acknowledge facts that he is instructed
> constitute a crime. . . . He is then to voluntarily say what he knows occurred, whether the
> Commonwealth would prove them or not, and that he will accept their legal meaning and
> their legal consequence. A criminal defendant who elects to plead guilty has a duty to
> answer questions truthfully. A defendant will not be permitted to postpone the final
> disposition of his case by lying to the court concerning his culpability and thereafter
> withdraw his plea of guilty by contradicting his prior testimony and asserting innocence.

*Commonwealth. v. Clevenger*, 2016 WL 1089026, at *3 (Pa. Super. March 21, 2016) (citing

*Commonwealth v. Cole*, 564 A.2d 203, 206 (Pa. Super. 1989).

Because he has failed to carry his burden under 28 U.S.C. § 2254(d), he is not entitled to habeas

relief.

D.      Conclusion

For the foregoing reasons, the petition will be denied.

III.    Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate

review of a district court's disposition of a habeas petition. It provides that "[u]nless a circuit justice or

judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the

final order in a habeas corpus proceeding in which the detention complained of arises out of process issued

by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may

issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* Applying those standards here, jurists of reason would not find it debatable whether Sventek's claim should be denied for the reasons given herein. Accordingly, no certificate of appealability should issue.

An appropriate Order will follow.

Dated: September 15, 2022

RICHARD A. LANZILLO
United States Magistrate Judge